**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **WALVELLA W. BELL, individually,** | ) | |
| **and in her capacity as the Administrator** | ) | |
| **of The Estate of ALTMAN J. HALL** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **CIVIL ACTION FILE NO:** |
| | ) | **_____** |
| **CITY OF ATLANTA, a municipal** | ) | |
| **corporation of the State of Georgia;** | ) | |
| **ERIKA SHIELDS individually, and in her** | ) | |
| **capacity as Chief of Police of the City** | ) | |
| **of Atlanta Police Department; JAMES** | ) | |
| **CUNNINGHAM individually, and in his** | ) | |
| **capacity as a Police Officer of the City** | ) | |
| **of Atlanta Police Department; and** | ) | |
| **JOHN DOE 1, JOHN DOE 2, and** | ) | |
| **JOHN DOE 3, individually, and in their** | ) | |
| **official capacity as Police Officers of the** | ) | |
| **City of Atlanta,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR DAMAGES

**NOW COMES** Plaintiff, Walvella W. Bell, individually and in her capacity

as the Administrator of The Estate of Altman J. Hall, and hereby files her

*Complaint for Damages*, as follows:

## **INTRODUCTION**

1.

This is a civil action seeking recovery for injuries and subsequent death suffered by Altman J. Hall as a consequence of Defendants' and their agents' actions, inactions, and/or deliberate indifference to their respective duties as executives, administrators, and mandatory reporters. Defendants' conduct as set forth herein resulted in the shooting of Altman J. Hall by Atlanta Police Officer James Cunningham (hereinafter, "Cunningham"). Defendants acted with the deliberate indifference in supervising, training, and monitoring Defendant Cunningham. Accordingly, this action alleges violations of 42 U.S.C. §§ 1983 and 1989 and the Fourth and Fourteenth Amendments of the Constitution of the United States, as well as the statutes and common law of the State of Georgia.

## **JURISDICTION AND VENUE**

2.

This Honorable Court has original jurisdiction over this civil matter because it arises under 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments of the Constitution of the United States as applied to the State of Georgia and its entities, officials, and employees, as well as the statutes and common law of the State of Georgia.

3.

This Honorable Court also has subject matter jurisdiction pursuant to 23 U.S.C. § 1343, which gives District Courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation under color of any state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

4.

Plaintiff brings this action as to Defendant City of Atlanta for creating an environment allowing excessive and deadly use of force by the Atlanta Police Department (also referred to as, "APD"), as more fully set forth herein.

5.

Venue is proper in the Northern District of Georgia, Atlanta Division, as all acts complained of occurred in Fulton County, Georgia. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, § 1332, §1343, and §1391.

## IDENTIFICATION OF PARTIES

6.

Plaintiff Walvella W. Bell is the duly appointed Administrator of the Estate of Altman J. Hall. Walvella W. Bell is entitled to bring this action under Federal and Georgia law for all general, special, compensatory, punitive, and permissible damage(s).

7.

Plaintiff Walvella W. Bell is a permanent resident of Fulton County, Georgia. By filing this Complaint, she submits herself to the jurisdiction and venue of this Court. She is currently over eighteen (18) years of age.

8.

Defendant City of Atlanta is, and at all relevant times, was a municipal corporation organized and existing under the laws of the State of Georgia and is responsible for the policies, practices, customs, and regulations of the City of Atlanta Police Department (sometimes referred to as "APD"); and for the hiring, training, supervision and discipline of agents, employees and police officers of the APD. Defendant City of Atlanta may be served by serving Mayor Keisha Lance Bottoms, through the City of Atlanta Department of Law, 55 Trinity Avenue, Suite 5000, Atlanta, Georgia 30303.

9.

Defendant ERIKA SHIELDS (hereinafter referred to as "Defendant Shields") was the Chief of Police for the city of Atlanta Police Department from January 2010 through December 2016, with supervisory and managerial authority over all City of Atlanta police officers. In her role as Chief of Police, Defendant Shields was ultimately responsible for the management and operation of the Atlanta Police Department, and specifically responsible for ensuring that APD officers complied with the color and pretense of federal and state laws, as well as the ordinances, regulations, customs, usages of the State of Georgia and the City of Atlanta, and the policies of the Atlanta Police Department.

10.

The actions of Defendant Shields that are the subject of this Complaint were undertaken under color of law in the regular course of her employment as a police officer of the City of Atlanta and/or the City of Atlanta Police Department. Defendant Shields was ultimately responsible for the polices, practices, customs and regulations of APD; for the hiring, training, supervision and discipline of APD officers; and for promulgating all orders, rules, instructions, and standard operating procedures for citizen encounters with police officers acting in their official capacity. Said Defendant is sued in her official and individual capacity and is a

resident and citizen of the State of Georgia and may be served by serving City of Atlanta Attorney, Ryan C. Williams, Esq, 100 Peachtree Street, NW, Suite 2095, Atlanta, Georgia, 30303. Jurisdiction and venue are proper

11.

Defendant JAMES CUNNINGHAM is, and at all relevant times was, a sworn police officer of the City of Atlanta and/or the City of Atlanta Police Department. In his capacity as a police officer, said Defendant was responsible for policing the City of Atlanta under the color and pretense of the federal and state laws as well as the ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department.

12.

The actions of Defendant Cunningham that are the subject of this Complaint were undertaken in the regular course of his employment as a police officer of the City of Atlanta and/or the City of Atlanta Police Department. Said Defendant is sued in his official and individual capacity and is a resident and citizen of the State of Georgia and may be served by serving City of Atlanta Attorney, Ryan C. Williams, Esq, 100 Peachtree Street, NW, Suite 2095, Atlanta, Georgia, 30303. Jurisdiction and venue are proper.

13.

Defendant City of Atlanta and their agents and employees, including but not limited to the Atlanta Police Department, Defendant Cunningham and Defendant Shields, have acted willfully, wantonly, and recklessly towards Altman J. Hall, proximately causing his injuries and death. Therefore, no immunity applies in this matter.

14.

Defendant City of Atlanta and their agents and employees, including the Atlanta Police Department and Defendant Shields, have exhibited a pattern and practice of ignoring and violating the rights of the citizens, by negligently hiring, training, supervising, and disciplining their employees, which proximately caused the injuries and death of Altman J. Hall.

15.

Defendant Shields individually, and Defendant City of Atlanta can be held liable for the violation of Altman J. Hall's federal constitutional rights, pursuant to 42 U.S.C. §§ 1983 and *Montell v. Dept. of Soc. Serv.,* 436 U.S. 658 (1978).

16.

Defendants John Doe 1, John Doe 2 and John Doe 3 of the City of Atlanta Police Department are, and at all relevant times were, sworn police officers of the

City of Atlanta and/or City of Atlanta Police Department.   In their capacity as police officers, said Defendants were responsible for policing the City of Atlanta under the color and pretense of the federal and state laws as well as the ordinances, regulations, customs and usages of the State of Georgia and the City of Atlanta Police Department.   Defendants John Doe 1, John Doe 2 and John Doe 3 are fictitious individuals who have not been fully identified to date, and who have been involved in the incident(s) which are the subject of this Complaint. As these Defendants are identified, the Plaintiff shall amend this Complaint to properly join them in this action.

17.

Jurisdiction and venue are proper in this Court.

18.

Plaintiff states that she has complied with all prerequisite ante-litem requirements to sue the governmental entities and individuals as Defendants in this matter.  A copy of Plaintiff's ante-litem notice is attached as **Exhibit "A"**.

19.

Attached hereto as **Exhibit "A"** is a copy of the pre-suit notice of claim dated March 27, 2018, presented to Keisha Lance Bottoms, Mayor of the City of Atlanta, and members of the Atlanta City Council, together with receipts thereof,

which notifications were timely presented. Such notice is not required for a Title IIV action, but was sent nonetheless in an abundance of caution to put Defendants on notice of these claims.

## FACTUAL ALLEGATIONS

20.

At all relevant times, Defendant Cunningham was a sworn member of the City of Atlanta Police Department and was acting under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of Georgia and the City of Atlanta Police Department and under the authority of their office and within the scope of his employment as a police officer.

21.

On the evening of December 28, 2017, Altman J. Hall was a citizen and resident of Atlanta, Fulton County, in the State of Georgia and in the United States of America. At all times relevant herein, Altman J. Hall had legal rights established by the Constitution of the United States, the Constitution of the State of Georgia, and laws set forth by state and federal statutes.

22.

On the evening of December 28, 2017, Defendant Cunningham was performing his duties with the Atlanta Police Department S.W.A.T. Unit at 204 Linkwood Road, NW, Atlanta, Georgia 30318.

23.

Plaintiff Walvella W. Bell and her daughter reside at the home located at 204 Linkwood Road, NW, Atlanta, Georgia 30318.

24.

On the evening of December 28, 2017, Walvella Bell and her daughter, Cantrell Foster, returned to family home located at 204 Linkwood Road, NW, Atlanta, Georgia, 30318 and after seeing broken glass in the front window, called 911 and requested emergency assistance.

25.

Officers from the Atlanta Police Department arrived at the scene and after investigating, found that Altman J. Hall was inside the residence, with the exterior doors and windows locked.

26.

Due to a domestic dispute, Altman J. Hall was living at another location.

27.

APD officers requested Altman J. Hall to leave the residence, but he refused and made verbal threats against the officer(s).

28.

An unknown number of additional APD officers and the APD SWAT unit arrived at the scene, after Altman J. Hall refused to leave the residence.

29.

Walvella Bell told officers at the scene that Altman J. Hall did not own a gun and she believed that he did not have a gun in his possession.

30.

Cantrell Foster told the police at the scene she believed that Altman J. Hall did not have a gun in his possession

31.

After hearing Altman J. Hall make statements that he had a gun, Walvella Bell and Cantrell Foster informed APD officers at the scene that Altman J. Hall did not own a gun.

32.

Walvella Bell told APD officers at the scene that she believed that Altman J. Hall wanted the police to shoot and kill him.

33.

While APD were outside of the residence, Altman J. Hall exchanged text messages with Robert Hempen, a friend and mentor to Altman J. Hall.

34.

Altman J. Hall texted Robert Hempen that he wanted to die and that he was going to make the police think he had a gun, but he did not have a gun.

35.

Walvella Bell requested APD officers at the scene to speak with Robert Hempen.

36.

Robert Hempen received a call from an APD officer, and he told the officer that Altman J. Hall was suicidal, and wanted the police to shoot him.

37.

Robert Hempen told the APD that Altman J. Hall's text said that he had an axe, not a gun.

38.

Neither Walvella Bell nor Cantrell Foster owned a gun or kept a gun at the residence.

39.

The APD did not attempt a forced entry into the residence or use tear gas to force Altman J. Hall out of the residence.

40.

Walvella Bell and Cantrell Foster were told that they have to leave the scene and were put into a police vehicle and taken away from the residence.

41.

Shortly after Walvella Bell and her daughter were taken from the scene, Altman J. Hall opened the front door of the home and was standing in the doorway of the residence.

42.

While Altman J. Hall was standing in the doorway of the residence, Defendant Cunningham fired two shots at Altman J. Hall.

43.

One bullet, fired by Defendant James Cunningham, hit Altman J. Hall in the abdomen, and entered his body.

44.

After being shot, Altman J. Hall went back into the home and locked the door behind him.

45.

The APD, after an unknown length of time, entered the residence by force.

46.

After entering the home, the APD found Altman J. Hall injured and had him transported by ambulance to Grady Memorial Hospital.

47.

As a result of the gunshot wound, Altman J. Hall died on January 8, 2018.

48.

Prior to and at the time Defendant Cunningham discharged his firearm, Altman J. Hall was unarmed and posed no significant threat of death or serious injury to Defendant Cunningham, any other officers on the scene, or to members of the public.

49.

Prior to and at the time Defendant Cunningham discharged his firearm, Altman J. Hall had not engaged in any illegal or criminal activity that justified Defendant Cunningham's use of his firearm.

50.

As shown herein, Altman J. Hall's clearly established constitutional rights to be free from the use of excessive and unreasonable force, as guaranteed by the Fourth Amendment, were violated by the Defendants.

51.

The City of Atlanta Police Department's use of force policy provides that all supervisors within the department are responsible for ensuring that all employees within their chain of command comply with the requirements of this directive.

52.

The City of Atlanta Police Department expressly prohibits employees from the unnecessary or unreasonable use of force against person or property and employees shall only use that force which is reasonable and necessary to affect and arrest, prevent an escape, necessarily restrict the movement of a prisoner, defend himself/herself or another from physical assault, or to accomplish other lawful objectives.

53.

During her tenure, Defendant Shields, as Chief of Police of the City of Atlanta Police Department, was responsible for the effective and professional administration of the disciplinary process for the Department, including the

authority to review, revoke, or modify any disciplinary actions taken by any supervisor in the Department including oral admonishment, written reprimand, suspension without pay, demotion and dismissal.

## COUNT ONE

### (*42 U.S.C. § 1983 Claims and State Law Claims*)

### (Defendant James Cunningham, in his Individual Capacity)

54.

Plaintiff hereby incorporates the allegations in paragraphs 1-53 above, as if fully set forth herein.

55.

At the time of his injuries and death, Altman J. Hall had legal rights established by the Constitution of the United States, the Constitution of the State of Georgia, and laws set forth by state and federal statutes.

56.

Defendant Cunningham's actions of shooting at Altman J. Hall was a violation of Altman J. Hall's civil rights under both the United States Constitution and the United States Code, including the use of excessive and deadly force in violation of due process.

57.

Under the Fourth Amendment to the United States Constitution, Altman J. Hall was seized when he was shot by Defendant Cunningham, which through the application of the Fifth and Fourteenth Amendment of the United States Constitution, is also a violation of the Constitution of the State of Georgia.

58.

Under federal law, pursuant to 42 U.S.C. § 1983, the intentional shooting by Defendant Cunningham towards 204 Linkwood Road, NW, Atlanta, Georgia 30318, striking and killing Altman J. Hall, was unreasonable and without legal justification, since Altman J. Hall did not pose a threat of death or serious bodily harm to Defendant Cunningham, or any others. Since Defendant Cunningham had no lawful authority to use deadly force, this shooting violated the civil rights of Altman J. Hall, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, for which Defendant Cunningham is individually liable.

59.

Based on Defendant Cunningham's intentional unjustified shooting of Altman J. Hall, which resulted in Altman J. Hall being shot and killed, Defendant

Cunningham's conduct towards Altman J. Hall gives rise to state law claims and liability against him for assault and battery.

60.

Due to the death of Altman J. Hall from being shot by Defendant Cunningham, which is the direct and proximate cause of the death of Altman J. Hall, his wife Walvella W. Bell has lost the society, companionship and consortium of her spouse.

61.

The actions of Defendant Cunningham in shooting Altman J. Hall, were not only without legal justification, but was done willfully and with wanton indifference, and deliberate disregard for his constitutional rights, entitling Plaintiff to exemplary damages, pursuant to O.C.G.A. § 51-12-5.1.

62.

Defendant Cunningham is not entitled to qualified immunity, because his actions were malicious, reckless, and callously indifferent to clearly established and well-settled federal and state constitutional and statutory law, which a reasonable person in his position would have known.

63.

As a direct and proximate result of the actions of Defendant Cunningham, he is liable to Plaintiff for all damages allowed under Georgia and Federal law, including damages for physical and emotional pain and suffering, medical expenses, and punitive damages.

## COUNT TWO

### (*42 U.S.C. § 1983 Claims and State Law Claims*)

### (Defendant James Cunningham, in his Official Capacity)

64.

Plaintiff hereby incorporate the allegations in paragraphs 1-63 above, as if fully set forth herein.

65.

At the time of his injuries and death, Altman J. Hall had legal rights established by the Constitution of the United States, the Constitution of the State of Georgia, and laws set forth by state and federal statutes.

66.

Defendant Cunningham's actions of shooting at Altman J. Hall was a violation of Altman J. Hall's civil rights under both the United States Constitution

and the United States Code, including the use of excessive and deadly force in violation of due process.

67.

Under the Fourth Amendment to the United States Constitution, Altman J. Hall was seized when he was shot by Defendant Cunningham, which through the application of the Fifth and Fourteenth Amendment of the United States Constitution, is also a violation of the Constitution of the State of Georgia.

68.

Under federal law, pursuant to 42 U.S.C. § 1983, the intentional shooting by Defendant Cunningham towards 204 Linkwood Road, NW, Atlanta, Georgia 30318, striking and killing Altman J. Hall was unreasonable and without legal justification, since Altman J. Hall did not pose a threat of death or serious bodily harm to Defendant Cunningham, or any others. Since Defendant Cunningham had no lawful authority to use deadly force, this shooting violated the civil rights of Altman J. Hall, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, for which Defendant Cunningham is individually liable.

69.

Based on Defendant Cunningham's intentional unjustified shooting of Altman J. Hall, which resulted in Altman J. Hall being shot and killed, Defendant Cunningham's conduct towards Altman J. Hall gives rise to state law claims and liability against him for assault and battery.

70.

Due to the death of Altman J. Hall from being shot by Defendant Cunningham, which is the direct and proximate cause of the death of Altman J. Hall, his wife Walvella W. Bell has lost the society, companionship and consortium of her spouse.

71.

The actions of Defendant Cunningham in shooting Altman J. Hall, were not only without legal justification, but was done willfully and with wanton indifference, and deliberate disregard for their constitutional rights, entitling Plaintiff to exemplary damages, pursuant to O.C.G.A. § 51-12-5.1.

72.

Defendant Cunningham is not entitled to qualified immunity, because his actions were malicious, reckless, and callously indifferent to clearly established

and well-settled federal and state constitutional and statutory law, which a reasonable person in his position would have known.

73.

As a direct and proximate result of the actions of Defendant Cunningham, he is liable to Plaintiff for all damages allowed under Georgia and federal law, including damages for physical and emotional pain and suffering, medical expenses, and punitive damages.

## COUNT THREE

### (*42 U.S.C. § 1983 Supervisor Liability Claims*)

### (Defendant Erika Shields, in her Individual Capacity)

74.

Plaintiff hereby incorporates the allegations in paragraphs 1 – 73 above, as if fully set forth herein.

75.

The claims against Defendant Shields in her individual capacity, are based on her actions and omissions in her role as Chief of Police of APD, including her role in the enactment and promulgation of APD policies and procedures relating to training, discipline, supervision and use of force by APD officers.

76.

Defendant Shields's actions were a contributing cause and driving force behind the actions of Defendant Cunningham, who was under the supervision of Defendant Shields from January 2017 through December 2017.

77.

Defendant Shields is liable in her individual capacity for the violation of Altman J. Hall's constitutional rights as described herein, due to her knowledge, participation and ratification, in her role as Chief of Police, of a history of widespread abuses by APD officers involving the use of force and violation of APD policies, including Defendant Cunningham.

78.

Defendant Shields is liable in her individual capacity for the violation of Altman J. Hall's constitutional rights as described herein, due to her failure as Chief of Police to take the necessary corrective action to resolve issues relating to obvious, flagrant, and rampant violations of use of force within the Atlanta Police Department during the time she served as Chief of Police.

79.

Defendant Shields is liable in his individual capacity for the violation of Altman J. Hall's constitutional rights as described herein by creating and allowing,

through her actions and omissions as Chief of Police, a policy or custom of widespread and persistent abuses by APD officers involving the use of force and violation of APD policies, to include a failure to adequately investigate and discipline APD officers, including Defendant Cunningham.

80.

Defendant Shields is liable in her individual capacity for the violation of Altman J. Hall's constitutional rights as described herein due to her deliberate indifference to APD officers violating the constitutional rights of citizens through the improper use of force, including deadly force.

81.

Defendant Shields, in her role as Chief of Police permitted, maintained, condoned and ratified a system of review and investigations of police misconduct allegations involving the use of force, that is so cursory and lacking in honesty and thoroughness, that is ineffective and biased in favor of officers over citizen complainants, and to which has led to the foreseeable result of tolerating and contributing to the improper use of force by APD officers.

82.

The custom, policies and practices described herein, and attributed to the actions and omissions a Defendant Shields in her role as Chief of Police, were a

direct contributing cause and driving force leading to the violation of Altman J. Hall's civil and constitutional rights.

83.

Defendant Shields in her individual capacity, is not entitled to qualified immunity, because her actions as shown herein, were reckless and deliberately indifferent, with knowledge and acquiescence, and gross negligence regarding clearly established and well-settled federal and state constitutional and statutory law, which a reasonable person in her position would have known.

84.

As a direct and proximate result of the actions of Defendant Shields, she is liable to Plaintiff for all damages allowed under Georgia and federal law, including damages for physical and emotional pain and suffering, medical expenses, and punitive damages.

## COUNT FOUR

### (*42 U.S.C. § 1983* Supervisor Liability Claims)

### (Defendant Erika Shields, in her Official Capacity)

85.

Plaintiff hereby incorporates the allegations in paragraphs 1 – 84 above, as if fully set forth herein.

86.

The claims against Defendant Shields in her official capacity are based on her actions and omissions in her role as Chief of Police of APD, including her role in the enactment and promulgation of APD policies and procedures relating to training, discipline, supervision and use of force by APD officers.

87.

Defendant Shields's actions were a contributing cause and driving force behind the actions of Defendant Cunningham, who was under the supervision of Defendant Shields from January 2017 through December 2017.

88.

Defendant Shields is liable in her individual capacity for the violation of Altman J. Hall's constitutional rights as described herein, due to her knowledge, participation and ratification, in her role as Chief of Police, of a history of widespread abuses by APD officers involving the use of force and violation of APD policies, including Defendant Cunningham.

89.

Defendant Shields is liable in her individual capacity for the violation of Altman J. Hall's constitutional rights as described herein, due to her failure as Chief of Police to take the necessary corrective action to resolve issues relating to

obvious, flagrant, and rampant violations of use of force within the Atlanta Police Department during the time she served as Chief of Police.

90.

Defendant Shields is liable in her individual capacity for the violation of Altman J. Hall's constitutional rights as described herein by creating and allowing, through her actions and omissions as Chief of Police, a policy or custom of widespread and persistent abuses by APD officers involving the use of force and violation of APD policies, to include a failure to adequately investigate and discipline APD officers, including Defendant Cunningham.

91.

Defendant Shields is liable in her individual capacity for the violation of Altman J. Hall's constitutional rights as described herein due to her deliberate indifference to APD officers violating the constitutional rights of citizens through the improper use of force, including deadly force.

92.

Defendant Shields, in her role as Chief of Police permitted, maintained, condoned and ratified a system of review and investigations of police misconduct allegations involving the use of force, that is so cursory and lacking in honesty and thoroughness, that is ineffective and biased in favor of officers over citizen

complainants, and to which has led to the foreseeable result of tolerating and contributing to the improper use of force by APD officers.

93.

The custom, policies and practices described herein, and attributed to the actions and omissions a Defendant Shields in her role as Chief of Police, were a direct contributing cause and driving force leading to the violation of Altman J. Hall's civil and constitutional rights.

94.

Defendant Shields in her individual capacity, is not entitled to qualified immunity, because her actions as shown herein, were reckless and deliberately indifferent, with knowledge and acquiescence, and gross negligence regarding clearly established and well-settled federal and state constitutional and statutory law, which a reasonable person in her position would have known.

95.

As a direct and proximate result of the actions of Defendant Shields, she is liable to Plaintiff for all damages allowed under Georgia and federal law, including damages for physical and emotional pain and suffering, medical expenses, and punitive damages.

## COUNT FIVE

### (*42 U.S.C. § 1983 Municipal Liability Claims*)

### (Defendant City of Atlanta)

96.

Plaintiff hereby incorporates the allegations and paragraphs 1 – 95 above as if fully set forth herein.

97.

As shown herein, the actions, omissions, systemic flaws, policies, and customs of Defendant City Of Atlanta, through the Atlanta Police Department and City Lawmakers, have caused police officers of the City of Atlanta to believe that the use of excessive, deadly, or unreasonable force would not be properly, aggressively, and honestly investigated, which has led to the foreseeable result that officers were likely to use excessive, deadly, and/or unreasonable force against citizens in the future which includes Altman J. Hall.

98.

Defendant City of Atlanta, through the Atlanta Police Department and City Lawmakers, allowed a persistent and widespread practice of condoning, ratifying, and authorizing certain officers, including Defendant Cunningham, to justify the use of excessive force despite the lawful authority to not use such force.

99.

Defendant City of Atlanta, through the Atlanta Police Department and City Lawmakers, were deliberately indifference to this practice and custom within the Atlanta Police Department, by failing to enforce policies; failing to properly train; failing to properly discipline, and thus, creating a culture within the City Atlanta Police Department wherein citizen's civil rights were violated; thereby allowing the deprivation of Altman J. Hall's civil and constitutional rights, as described herein.

100.

The custom, policies and practices described herein, and attributed to Defendant City of Atlanta, were a contributing cause and driving force leading to the violation of Altman J. Hall's civil and constitutional rights.

## COUNT SIX

**(Damages Sought By Plaintiff)**

101.

Plaintiff hereby incorporates the allegations and paragraphs 1 – 100 above as if fully set forth herein.

102.

Plaintiff seeks special damages from Defendants for medical bills and expenses, which include but is not limited to Grady Health System $761,090.11; and other necessary expenses resulting from its liability for incident-related injuries in amounts to be shown by the evidence at trial.

103.

Plaintiff seeks damages from Defendants for Altman J. Hall's pain and suffering, and mental and emotional anguish resulting from Defendants' liability for incident-related injuries in amounts to be shown by the evidence at trial.

104.

Plaintiff seeks damages from Defendants for Altman J. Hall's loss of life resulting from their liability for incident-related injuries in amounts to be shown by evidence at trial.

105.

Plaintiff seeks damages from Defendants, for Altman J. Hall's wife, losing the society, companionship and consortium of her spouse due to his death from being shot by Defendant Cunningham, which is the direct and proximate cause of the death of Altman J. Hall,

## COUNT SEVEN

### (Claim for Attorney's Fees Against all Defendants)

106.

Plaintiff hereby incorporates the allegations and paragraphs 1 – 105 above, as if fully set forth herein.

107.

Pursuant to 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorneys' fees, expert costs, and other costs of litigation.

**WHEREFORE**, Plaintiff Walvella W. Bell prays for a judgment against Defendants as follows:

a) That process issue and Defendants be served according to the law;

b) That Plaintiff has a trial by jury;

c) That Plaintiff has and recovers a verdict and judgment against Defendants for all compensatory general, and punitive damages, and for reasonable attorney fees pursuant to 42 U.S.C. § 1988, and for all such amounts as may be proven before the trier of fact; and

d) That Plaintiff has such other and further relief as this Court deems just and proper under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted this 26th day of November, 2019.

                              **DEMING, PARKER, HOFFMAN, CAMPBELL & DALY, LLC**

                              /s/ David M. Lewis
                              MICHAEL D. DEMING
                              Georgia Bar No. 217578
                              DAVID M. LEWIS
                              Georgia Bar No. 450150
                              2200 Century Pkwy NE, Suite 800
                              Atlanta, GA 30345
                              (404) 636-4900
                              demingmd@deminglaw.com
                              lewisd@deminglaw.com

                              **ATTORNEYS FOR PLAINTIFF**

# Exhibit A

LAW OFFICE

# DEMING, PARKER, HOFFMAN, CAMPBELL & DALY, LLC

MICHAEL D. DEMING, P.C.
FRANKLIN E. PARKER, P.C
RICHARD A. CAMPBELL, P C
PAUL M HOFFMAN, P.C.
CHRISTOPHER W. T DALY, P.C
KEVIN T ALMEROTH, P C.
––––––
ROBERT A. LEONARD
IRENATA S. DUNCAN
J. BENJAMIN STEWART
DAVID M. LEWIS
RYAN D. GOLDSTEIN
MATTHEW P. GOODMAN
RUSSELL J. PARKER
ROBERT D. MURPHY
GRAHAM GILMER MCMURRAY
LARA E SMITH
CHRISTOPHER O STANTON
JOOL N KANG
SEAN L. FAULKNER
E NICOLE HARRISON
SHANNON N. MANDEL
KOLBI L. CUMBO
NICHOLAS R WEST
JASON G MCCART
MEGAN L. ZAMBITO
ASHLEY N. HIGGINBOTHAM
NONI A. MAYFIELD
MONICA PATEL
RYAN A. MOSS
JANELLE N RICHARDS

4851 JIMMY CARTER BOULEVARD
NORCROSS, GEORGIA 30093
TELEPHONE (770) 564-2600
FACSIMILE (770) 564-2267
EMAIL: DemingMD@deminglaw.com

March 7, 2018

*Sent Via Certified Mail Return Receipt Requested*

STEPHANIE COLEMAN
ADAM M. RUF
NATALIE K. HOWARD
JULIE B. OLIVER
SANA M. AYUBI
JOHN W. NICHOLS
JACQUELINE M. DEFRANCIS
LAWRENCE G. MORTON
KYLIE S. KARIYA
RAHMEEN FARHOUDI
J.D. BLEVINS
FALGUN PATEL
BETRICE A. SCOTT
TAMORRA BOYD
SHERLEY JOSEPH-ROPER
LAUREN E WESTON
ERIC A. VON HACKE
ADRIENNE HOBBS
TERINA M. WILLIAMS
––––––
OF COUNSEL
RICHARD K. VALLDEJULI
KEITH A. CARNESALE
CHRIS FLINN
DAVID C. COLE, P.C
TIMOTHY KLOB
JAE I. SHIM
CARYN S. FENNELL, P.C.
TIFFANY LUNN
TORIN D. TOGUT

Keisha Lance Bottoms
Mayor, City of Atlanta
55 Trinity Avenue, SW
Suite 2400
Atlanta, GA 30303
*#7016 1970 0000 9164 5910*

Jeremy Berry, Esq.
City of Atlanta
Department of Law
55 Trinity Avenue Suite 5000
Atlanta, Georgia 30303
*#7016 1970 0000 9164 5927*

Felicia A. Moore
President, Atlanta City Council
Atlanta City Hall
55 Trinity Ave, S.W.
Second Floor East
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 5934*

Michael Julian Bond
Council Member, Post 1 At Large
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 5941*

Matt Westmoreland
Council Member, Post 2 At Large
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 5958*

Andre Dickens
Council Member, Post 3 At Large
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 5965*

Carla Smith
Council Member, District 1
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 5972*

Amir R. Farokhi
Council Member, District 2
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 5989*

March 7, 2018
Page 2


Ivory Lee Young, Jr.
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 5996*

Natalyn Archibong
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 6016*

Howard Shook
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 6061*

Dustin Hills
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 6030*

Marci Collier Overstreet
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 6054*

Cleta Winslow
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 6009*

Jennifer N. Ide
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 6023*

J.P. Matzigkeit
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 6078*

Andrea L. Boone
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 6047*

Joyce M. Shepherd
Atlanta City Hall
55 Trinity Ave, S.W.
Suite 2900
Atlanta, GA 30303-3584
*#7016 1970 0000 9164 6085*


Dear Mayor, Mr. Berry and Council Members:

Re:    Walvella W. Bell, individually and as the proposed Administrator of the Estate of Altman Hall v. Atlanta Police Department
       Our Client:    Walvella W. Bell, as widow of Altman Hall and as the proposed Administrator of the Estate of Altman Hall
       Date of Injury: December 28, 2017

March 7, 2018
Page 3

Pursuant to O.C.G.A. § 36-33-5, the City of Atlanta and the Atlanta Police Department are hereby placed on notice of the claims of Walvella W. Bell as widow of Altman Hall and as the proposed Administrator of the Estate of Altman Hall against the City of Atlanta and the Atlanta Police Department for all damages arising from the shooting and wrongful death of Altman Hall from an incident which occurred on or about December 28, 2017.

Specifically, on December 28, 2017, Altman Hall, was shot and injured at 204 Linkwood Road, NW, Atlanta, Georgia by one or more officers of the Atlanta Police Department, and subsequently died from those injuries on January 9, 2018. Mr. Hall's medical expenses from Grady Memorial Hospital for treatment of his injuries total $761,090.11. The funeral expenses for Altman Hall are $2,200.00. Our client's demand for resolution of these claims is the amount of $5,000,000.00.

Under the terms and conditions of O.C.G.A. § 36-33-5, the City of Atlanta now has thirty (30) days to act upon this claim. We ask that you forward a copy of this letter to the City of Atlanta's liability insurance carrier as well as provide the undersigned with the name and policy number of that insurance carrier.

If you contend this letter does not provide you with sufficient notice pursuant to O.C.G.A. § 36-33-5, or comply with said statute, please advise us immediately. Please accept this as a request for all insurance information that may cover any aspect of these claims.

Should you have any questions, please do not hesitate to contact us directly. Thank you in advance for your anticipated cooperation.

Very truly yours,

Michael D. Deming
Attorney at Law

MDD/kl

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Keisha Lance Bottoms
Mayor, City of Atlanta
55 Trinity Avenue, SW
Suite 2400
Atlanta, GA  30303

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

9590 9402 3469 7275 4881 66

2. Article Number (Transfer from service label)

7016 1970 0000 9164 5910

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent
                    ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

Erica R. McC___              3-12-18

D. Is delivery address different from item 1?    ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053                    Domestic Return Re___



First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 3484 9275 4881 66

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box®

Michael D. Deming, Esq.
Deming, Parker, Hoffman, Campbell & Daly
4851 Jimmy Carter Boulevard
Norcross, Georgia 30093



**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Felicia A. Moore
President, Atlanta City Council
Atlanta City Hall
55 Trinity Avenue, SW
Second Floor East
Atlanta, GA 30303-3584

9590 9402 3469 7275 4881 59

2. Article Number (Transfer from service label)
116 1970 0000 9164 5934

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Anna Crist   8.15.18

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

